**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST, | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| SECURITY LOGISTICS GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COME Plaintiffs, TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST ("Health Fund") and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST ("Pension Fund") (collectively, the "Funds"), by and through their attorneys, Asher, Gittler & D'Alba, Ltd., and complain of Defendant SECURITY LOGISTICS GROUP, INC. ("Defendant" or "SLG") as follows:

1. This action is brought under the provisions of Sections 502(g)(2), 502 (a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145, to collect delinquent contributions and related sums Defendant is obligated to contribute to Plaintiffs pursuant to applicable collective bargaining agreements and plan documents.

**JURISDICTION AND VENUE**

2. Jurisdiction in this Court is proper under federal question jurisdiction, as provided for in 28 U.S.C. § 1331, which states, "The district courts shall have original

1

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3.      Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2).  29 U.S.C. § 1132(e)(2) states, in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

4.      This Court also has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

5.      Venue is proper in this District because Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), allows a suit to "be brought in the district where one of the plans is administered," and the Funds are maintained and administered within the Northern District of Illinois.

**PARTIES**

6.      The Funds are each multiemployer employee benefit plans as defined under Section 3 of ERISA, 29 U.S.C. § 1002.

7.      The Funds are Taft-Hartley Funds, which are administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, and other applicable federal laws.

8.      The Plaintiff Trustees are fiduciaries of the Funds within the meaning of 29 U.S.C. § 1132(e)(1).

9.      The Funds' offices are located at 200 E. Randolph St., Ste. 1500, Chicago, Illinois 60601, and the Funds are administered in the Northern District of Illinois.

2

10.     The Funds receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between said employers and the Service Employees International Union ("SEIU") and its affiliated local labor unions ("Locals"). The Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal laws, and pursuant to the terms and provisions of certain Restated Agreements and Declarations of Trust ("Trust Agreements").

11.     As provided in the Trust Agreements, the Funds are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then-applicable collective bargaining agreement for the uses and purposes set forth in the Trust Agreements.

12.     Defendant is a Corporation incorporated in the State of Illinois.

13.     Defendant's principal place of business is 3630 W. 105th Street, Chicago, IL 60655.

14.     Defendant is an employer engaged in an industry affecting commerce and has conducted business within the State of Illinois during the period at issue.

### COUNT I – DELINQUENT CONTRIBUTIONS UNDER ERISA

15.     The Funds incorporate and reallege Paragraphs 1-14.

16.     Section 515 of ERISA requires an employer to make contributions to a multiemployer plan pursuant to the terms of the plan or under the terms of a collectively bargained agreement. 29 U.S.C. § 1145.

17.     Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of a plan through a civil action. 29 U.S.C. § 1132(a)(3).

18.     Section 502(g)(2) of ERISA provides that a fiduciary bringing suit to recover delinquent contributions under Section 515 shall recover the unpaid contributions as well as interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief.  29 U.S.C. § 1132(g)(2).

19.     Defendant employs or has employed persons represented for collective bargaining purposes by one or more SEIU Locals, and Defendant agreed to be bound by the Collective Bargaining Agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

20.     Defendant has repeatedly failed to pay the required benefit contributions and related amounts owed, including amounts revealed to be owed as the result of a payroll audit for the period of January 1, 2022, through March 31, 2025, to the Funds pursuant to the terms of the Collective Bargaining Agreements by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

21.     As a result of the above-described omissions and breaches of agreement by Defendant, the Funds may be required: (a) to deny the employee beneficiaries for whom contributions have not been made the benefits provided under the Funds' benefit plans, thereby causing to such employee beneficiaries substantial and irreparable damage; or (b) to provide to employees of Defendant the benefits provided under the benefit plans, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

4

22. The Funds, on their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

23. The Funds are without an adequate remedy at law and will suffer immediate, continuing, and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreements and the Trust Agreements.

24. Defendant is currently delinquent to the Health Fund in the amount of TWO HUNDRED ELEVEN THOUSAND SEVEN HUNDRED EIGHTY AND 87/100 DOLLARS ($211,780.87), comprising delinquent contributions for the work months of January 2022 through March 2025, and interest, audit fees, and liquidated damages, as provided for in the Collective Bargaining Agreements and Trust Agreements, which continue to accrue.

25. Defendant has an additional retroactive unpaid balance of EIGHT HUNDRED FORTY-FIVE AND 24/100 DOLLARS ($845.24), comprised of unpaid contributions, interest, and liquidated damages, due to the Health Fund.

26. Defendant is currently delinquent to the Pension Fund in the amount of FIFTY THOUSAND NINE HUNDRED NINE AND 91/100 DOLLARS ($50,909.91), comprising delinquent contributions for the work months of January 2022 through March 2025, and interest, audit fees, and liquidated damages, as provided for in the Collective Bargaining Agreements and Trust Agreements, which continue to accrue.

27. Defendant has an additional retroactive unpaid balance of TWO THOUSAND SIX HUNDRED NINETY-FOUR AND 39/100 DOLLARS ($2,694.39), comprised of unpaid contributions, interest, and liquidated damages, due to the Pension Fund.

28.     Defendant currently owes the Funds a total of TWO HUNDRED SIXTY-SIX THOUSAND TWO HUNDRED THIRTY AND 41/100 DOLLARS ($266,230.41).

29.     Defendant's failure to pay contributions owed and related amounts is a violation of the Collective Bargaining Agreements and the Trust Agreements.  The Funds, therefore, seek enforcement of these provisions pursuant to Sections 502(g)(2), 502(a)(3), and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., §185(a).

**WHEREFORE**, the Plaintiffs pray:

(a)     That judgment be entered in favor of Plaintiffs and against Defendant in the amount OF TWO HUNDRED SIXTY-SIX THOUSAND, TWO HUNDRED THIRTY AND 41/100 DOLLARS ($266,230.41), and such additional monies that accrue during the pendency of this lawsuit, including specifically any additional interest, liquidated damages, and related amounts that accrue in connection with the delinquent contributions identified herein, as well as any additional contributions, interest, liquidated damages, and related amounts that may accrue or be found to be owing subsequent to the filing of this Complaint;

(b)     That Plaintiffs be awarded their costs, including reasonable attorney's fees, incurred in the prosecution of this action, as provided in the Collective Bargaining Agreements, the Trust Agreements, and under the applicable provisions of ERISA, as amended;

(c)     That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreements, the Trust Agreements, and the applicable provisions of ERISA, as amended;

(d)     That Defendant be specifically ordered to furnish to the Funds the required monthly contribution reports and payments due thereunder and to continue to perform all

obligations on Defendant's part according to the terms and conditions of their Collective Bargaining Agreements; and

    (e)    For such other and further relief as the Court may determine just and proper.

Respectfully submitted,

By:

One of Plaintiffs' Attorneys

Hannah Katz
IL ARDC# 6353125
Matthew Pierce
IL ARDC# 6326448
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606
(312) 263-1500
hk@ulaw.com
mjp@ulaw.com